# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HADIATOU DIALLO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>CASE NO. 3:21-cv-3199<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

NOW comes HADIATOU DIALLO ("Plaintiff") by and through the undersigned, on behalf of herself and all others similarly situated, complaining as to the conduct of PROCOLLECT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* as well as for violations of the New Jersey Consumer Fraud Act ("NJCFA") under N.J. Stat. § 56:8-1 *et seq.* and similar state laws prohibiting unfair and deceptive practices against consumers ("UDAPs"), in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Texas.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age who is a resident of New Jersey.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Defendant is a third party debt collector claiming to be "one of the nation's premier debt collection agencies" whose "goal is to achieve the best possible collection returns for our clients while treating debtors with respect and understanding."[1] Defendant is a corporation organized under the laws of the state of Texas whose principal place of business is located at 12170 Abrams Road, Suite 100, Dallas Texas 75243

7. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://procollect.com/

2

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

10. The instant action arises out of Defendant's attempts to collect upon a purportedly defaulted apartment debt ("subject debt") said to be owed by Plaintiff.

11. The subject debt was owed in connection with Plaintiff's personal residence at the Reserve at Central Park Apartments – an apartment complex located in Bedford, Texas.

12. Plaintiff moved to New Jersey after living in Texas.

13. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and placed with Defendant for collection purposes.

14. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

15. Similarly within the one (1) year preceding the filing of this Complaint, Defendant reported the subject debt or caused the subject debt to be reported to one or more of the major credit bureaus in connection with Plaintiff's credit file.

16. On or about March 30, 2021, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail attempting to collect upon the subject debt.

17. The heading of the Collection Letter reads **"RECEIVE 35% DISCOUNT & DELETION FROM CREDIT REPORT"**. (emphasis in original).

18. The body of the collection letter goes on to state:

> ProCollect **will delete your account from your credit report** and reduce the balance by 35% if payment . . . is received in our office no later than 4/30/2021. (emphasis added).

> ProCollect is under no obligation to honor this offer after it expires, do not delay. ProCollect does provide information to consumer credit reporting agencies which may be used for employment, credit, and apartment qualifying.

19. Upon receiving Defendant's Collection Letter, Plaintiff wanted the information removed from her credit report as represented by Defendant as she was concerned about the subject debt's impact on her potential employment, credit, and ability to qualify for an apartment.

20. However, the funds that would go towards accepting Defendant's settlement offers were needed by Plaintiff to avoid further incursion of debt and to address other obligations.

21. Nevertheless, on or about April 25, 2021, Plaintiff contacted Defendant and advised she wanted to accept the offer to resolve the subject debt in exchange for deletion from her credit report, as outlined in the Collection Letter.

22. Plaintiff then made payment to Defendant over the phone.

23. Plaintiff considered the issue to be resolved and she expected that Defendant would honor the agreement and delete the subject debt from her credit report.

24. Plaintiff is a writer and, several months after paying the subject debt, applied to obtain financing to write a book.

25. However, Plaintiff was denied the sought after financing as a result of Defendant's reporting of the subject debt.

26. Shocked, Plaintiff checked her credit report and noticed that Defendant had updated its reporting of the subject debt to reflect a "paid" collections account with a $0 balance, rather than removing the subject debt entirely as the Collection Letter and Defendant had promised.

27. Plaintiff suffered emotional distress upon realizing that she did not receive the benefit that induced her to pay Defendant as demanded, exacerbated by her denial of desired financing.

28. Plaintiff attempted to rectify the situation by contacting Defendant.

29. However, rather than realize what had happened and honor their word, Defendant advised that the issue was Plaintiff's problem as the account was closed with their office.

30. Defendant also hung up on Plaintiff as she was trying to explain what had happened.

31. Defendant's conduct harmed Plaintiff, and poses and substantial risk of harm to consumers, as Defendant engaged in blatant falsehoods in order to dupe unwitting consumers into paying debts.

32. Plaintiff was harmed as she was forced to divert otherwise needed funds, believing that doing so would result in an obligation being deleted from her credit, when in fact Defendant did not delete the account as promised.

33. Plaintiff was further harmed as she was denied a credit opportunity as a result of Defendant's deceptive, misleading, and unfair conduct.

34. Upon information and belief, Defendant engages in a widespread pattern and practice of promising consumers that accounts will be deleted from their credit reports in exchange for payment, despite not actually deleting such accounts as promised.

35. Defendant's conduct is part of a scheme designed to unconscionably prey on already vulnerable consumers by leveraging their desperation for improved credit into making payments on debts.

36. Plaintiff detrimentally relied on Defendant's representations in the collection letter as the promise for credit report deletion was the main impetus behind her making payment to Defendant.

37. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on her own behalf and as a class action on behalf of two subclasses – the "Collection Letter Class" and "Payment Class" (collectively, the "Classes"):

   a. Collection Letter Class

   All persons throughout the United States who, during the one year preceding the filing of this action through the date of class certification, received a Collection Letter from Defendant promising account deletion from a consumer's credit report in exchange for such consumer's payment of a debt.

   b. Payment Class

   All persons falling into the Collection Letter Class who made payment after receiving such Collection Letter and whose account(s) were not deleted from their credit reports.

39. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

40. Upon information and belief, the Classes consists of hundreds or more persons throughout the United States, such that joinder of all respective Class members is impracticable.

41. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the FDCPA and similar state consumer protection statutes, particularly because these are form collection letters and are based on a common course of conduct by Defendant.

42. The claims of Plaintiff are typical of the claims of the respective proposed Classes because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the respective Class members.

43. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions, complex litigation, and litigation relating to the Fair Debt Collection Practices and corresponding state consumer protections statutes.

44. The questions of law and fact common to the respective Classes predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA and other state consumer protection laws by sending collection letters deceptively promising to delete information from consumers' credit report if payment of a debt was made; (ii) the nature and extent of Defendant's conduct; and (iii) the type and amount of relief to which the Plaintiff and respective Class members are entitled.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### THE CLASSES AGAINST DEFENDANT

46. Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

    **a. Violations of 15 U.S.C § 1692e**

47. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false . . . ." 15 U.S.C. § 1692e(8); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

7

49. Defendant violated 15 U.S.C. §§ 1692e and e(10) by falsely, deceptively, and misleadingly representing in its Collection Letter that Defendant would delete the subject debt from Plaintiff's credit report if payment was made. As evinced through Defendant's subsequent conduct, these representations in the Collection Letter were false. Such false and deceptive representations posed a risk of harm that the respective Class members would rely on Defendant's representations and divert otherwise vital funds to Defendant under false pretenses, with those in the Payment Class exemplifying such harm.

50. With respect to the Payment Class, Defendant violated 15 U.S.C. § 1692e, e(8), and e(10) when it deceptively persisted in reporting inaccurate credit information to the major credit reporting agencies despite knowing the inaccurate nature of such reporting. Defendant knew that the Payment Class members' accounts were to be deleted from their credit reports, yet nevertheless updated the reporting of such accounts as paid in full with $0 balances.

### b. Violations of 15 U.S.C. § 1692f

51. The FDCPA, pursuant to 15 U.S.C. § 1692f, provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

52. Defendant violated 15 U.S.C. § 1692f when it unfairly represented that it would delete consumers' accounts from their credit reports if they made payment in order to induce payment despite no intention of following through on such promises.

53. Defendant further violated 15 U.S.C. § 1692f with respect to the Payment Class when it unfairly failed to delete the information from Plaintiff's and the Class members' credit reports.

WHEREFORE, Plaintiff, HADIATOU DIALLO, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b.  Certification of the Classes requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

   c.  Statutory damages under 15 U.S.C. § 1692k(a);

   d.  Actual damages under 15 U.S.C. § 1692k(a);

   e.  Awarding costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and,

   f.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### THE CLASSES AGAINST DEFENDANT

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

56. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

57. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

58. Nonresidents of Texas have standing to pursue claims under the TDCA when a debt collector's conduct has emanated from Texas. *See e.g., Cushman v. G.C. Servs., LP,* 657 F. Supp. 2d 834 (S.D. Tex. Aug. 13, 2009).

59. Plaintiff incurred the subject debt in Texas, and the Collection Letter was sent from Defendant's offices in Dallas, Texas.

   a.  **Violations of TDCA § 392.304**

60. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

61. Defendant violated the above referenced portions of the TDCA through its deceptive and misleading representations that it would delete the subject debt from Plaintiff's credit report if she made payment. Despite Plaintiff making such payment, Defendant did not delete the subject debt from her credit report. Upon information and belief, such conduct is part of Defendant's pattern and practice of inducing consumers to make payments under completely false pretenses.

WHEREFORE, Plaintiff, HADIATOU DIALLO, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the Classes requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Grant Plaintiff injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

d. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT & OTHER STATE UDAPS
THE CLASSES AGAINST DEFENDANT

62. Plaintiff repeats and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Plaintiff is a "person" as defined by N.J. Stat. § 56:8-1(d).

64. Defendant is a "person" as defined by N.J. Stat. § 56:8-1(d).

65. The transaction giving rise to the subject debt constitutes the "sale" of "merchandise" as defined in N.J. Stat. §§ 56:8-1(e), (c).

66. The CFA provides that, "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation . . . in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . ." N.J. Stat. § 56:8-2.

67. Defendant violated the NJCFA through the nature of the collection efforts directed towards Plaintiff and the respective Class members. Defendant engaged in a course of deception and fraud involving false pretenses and false promises, all in an effort to collect a debt from Plaintiff and members of the respective putative Classes.

68. Plaintiff reserves the right to amend her Class Complaint to specify further states whose UDAPs have been violated by Defendant as discovery progresses and the identity of more specific Class members becomes apparent.

WHEREFORE, Plaintiff, HADIATOU DIALLO, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Classes requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under N.J. Stat. § 56:8-19;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under N.J. Stat. § 56:8-19;

    e. Enjoining Defendant from continuing to engage in violations of the aforementioned statute, as provided under N.J. Stat. § 56:8-8; and,

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 22, 2021                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103              Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Texas     Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                         (331) 307-7648 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                   ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com